UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATIF MCKENZIE,

                Petitioner,

  -v-                                                  No. 05 Civ. 9420 (LTS)(KNF)

GARY GREENE, Superintendent, Great Meadow
Correctional Facility,

                Respondent.

## ORDER ADOPTING REPORT & RECOMMENDATION

        The Court has reviewed Magistrate Judge Fox's October 3, 2007, Report and Recommendation ("Report"), recommending that the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Latif McKenzie ("Petitioner") be denied. Petitioner bases his petition on the allegedly ineffective assistance of his trial counsel and has submitted timely objections to the Report. No response from respondent has been received. The Court has reviewed carefully the Report, the Petitioner's objections, and the parties' original submissions.

        When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If the party makes only conclusory or general objections, or simply reiterates the original arguments, however, the Court will review the Report

strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852(MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). A party's objections to a Report and Recommendation must be specific and clearly target particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

In determining ineffective assistance of counsel, courts follow the rule laid down by Strickland v. Washington, 466 U.S. 668 (1984). Williams v. Taylor, 529 U.S. 362, 391 (2000). To establish ineffective assistance of counsel, Petitioner must show that his "counsel's performance was deficient," and that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

A district court may not issue a writ of habeas corpus in a case challenging state custody unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or a decision "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d) (West 2006); see Williams, 529 U.S. 362 (interpreting 28 U.S.C. § 2254(d)(1)).

For the reasons that follow, the Court adopts the Report in its entirety and denies the petition for a writ of habeas corpus.

## THE PETITION; PROCEDURAL HISTORY

Petitioner's claim of ineffective assistance of counsel derives from his trial counsel's failure to object to the introduction of three pretrial identifications, which the witnesses had disavowed shortly after making them, into evidence at trial. In his petition, Petitioner makes two arguments for a finding of ineffective assistance of counsel. First, Petitioner proffers that his appellate counsel asked trial counsel in two telephone conversations whether he knew that the pretrial identifications could have been excluded under provisions of New York State law that set particular foundational requirements for the admission of evidence of pretrial identifications. Petitioner relies chiefly on the second conversation, in which trial counsel allegedly responded that he did not know whether he had come on the case "after the suppression hearing." Petitioner argues that this response was irrelevant to the question because the particular New York exclusionary rule to which counsel had referred applies only at trial and is unrelated to any suppression hearing, clearly demonstrating counsel's unfamiliarity with the relevant law. Second, Petitioner argues that, assuming counsel knew that the identifications could have been excluded, the decision not to object to their introduction cannot be considered sound strategy. According to Petitioner, without the identification evidence, trial counsel had only to argue that there were no witness identifications, offering counsel a great benefit with no downside; with the evidence, he had to convince the jury that the witnesses misidentified Petitioner, an option with no additional benefit and great risk.

Petitioner also argues that counsel's conduct prejudiced him. According to Petitioner, there is a considerable likelihood that a jury would have acquitted him absent the pretrial identifications because the only other evidence against him was a matching fingerprint

found on the crutch used as a weapon at the crime scene and some vague descriptions of the perpetrator's appearance by the victims. Petitioner proffers an alternative innocent explanation for the presence of his fingerprint.

Petitioner argues that, by reason of trial counsel's unfamiliarity with the law, his unreasonable decision not to object to the introduction of the pretrial identifications, and the prejudice allegedly accruing to Petitioner as a result of these matters, Petitioner was denied the effective assistance of trial counsel. Petitioner raised his ineffective assistance of counsel issue on direct appeal as well as in a post-appeal motion pursuant to § 440.10 of the New York Criminal Procedure Law. The Appellate Division held that Petitioner had failed to establish that counsel's failure to raise the issue of admissibility of the pretrial identification issue constituted ineffective assistance of counsel, People v. McKenzie, 2 A.D.3d 348, 348 (1st Dep't 2003); the argument was also rejected in connection with the § 440.10 motion practice, People v. McKenzie, No. 6482/99, slip op. at 3-4 (Sup. Ct. Bronx County Apr. 28, 2005). Petitioner asserts that the state courts unreasonably applied clearly established federal law and that a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, should be issued.

OBJECTIONS TO REPORT AND RECOMMENDATION

Judge Fox found that Petitioner failed to submit competent evidence showing that trial counsel was unfamiliar with the applicable state law at the time of trial. He further found that, absent such evidence and in light of trial counsel's affirmative use of the identification evidence at trial, Petitioner had failed to overcome the strong presumption of effective assistance of counsel.

Petitioner makes three principal objections to the Report. Two objections

reiterate the arguments made in his petition: (1) trial counsel clearly did not know the applicable law and (2) his decision not to object cannot be considered trial strategy. The Court finds no clear error in Judge Fox's conclusion that Petitioner failed to demonstrate by competent evidence trial counsel's ignorance of the law. The Court also finds no clear error in Judge Fox's conclusion that the affirmative use of the identification evidence at trial is indicative of a strategic decision to address, rather than seek to preclude, the pretrial identification testimony.

In his third objection, Petitioner argues that the magistrate judge misapplied Greiner v. Wells, 417 F.3d 305 (2d Cir. 2005), by failing to consider the soundness of trial counsel's strategy. This objection is reviewed de novo. Judge Fox, in concluding that the record evidence of strategic use of the pretrial identification evidence supported the Strickland presumption of effective assistance of counsel in the absence of evidence that the strategy was the product of ignorance of the law, cited Wells for the proposition that "[a]n attorney's 'inability to remember his reasons for conducting the trial in the manner that he did [] is insufficient evidence to overcome the presumption of constitutionally effective counsel sustained by the record.'" Report at 8, quoting Wells, 417 F.3d at 326. Petitioner argues that Judge Fox failed to address the aspect of Wells's analytical construct that examines whether the record is indicative of reasonable justification for the strategic decision, and contends that there could be no strategic justification for letting identification testimony in rather than attacking the prosecution as a "no-identification" case. The documents before this Court[1] indicate that trial counsel used the

---

[1] Respondent asserts that the trial transcript is not available. The Court relies on the People's appellate brief from state court attached to Respondent's memorandum of law for a "narrative summary" of the trial transcript as allowed by Rule 5 governing § 2254 cases. Stevenson v. Strack, No. 96 Civ. 8429(DC), 1999 WL 294805, at *1 n.1 (S.D.N.Y. May 11, 1999). As in Stevenson, Petitioner does not

identification evidence to argue that even the witnesses had a reasonable doubt about Petitioner's guilt and that, when one of the witnesses identified Petitioner, he thought he was identifying the non-violent perpetrator,[2] someone who would not have left a fingerprint that night on the crutch that was allegedly used by Petitioner to beat the victim. These arguments are, under the circumstances of this case, well within the wide range of reasonable professional assistance, Strickland, 466 U.S. at 690, and suffice to sustain Strickland's presumption of effective assistance of counsel.

For the reasons stated above and in Judge Fox's well-reasoned and thoughtful analysis, the Court finds that the Petitioner has failed to demonstrate that the state court's decision rejecting Petitioner's ineffective assistance of counsel claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or that the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d) (West 2006). Accordingly, the petition is denied.

CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety. The petition for a writ of habeas corpus is denied and the clerk of court is respectfully requested to enter judgment denying the petition and terminate this case. Because petitioner has not made a

---

contest the facts as summarized by Respondent.

[2] There were allegedly three perpetrators, two of whom rampaged through the apartment while one stayed with two of the occupants and did not engage in the fight involving the crutch.

substantial showing of the denial of a constitutional right, a certificate of appealability should not be issued. See 28 U.S.C. § 2253(c).

    SO ORDERED.

Dated: New York, New York
       April 30, 2008

/s/ LAURA TAYLOR SWAIN
United States District Judge